STUCKY, Judge
(concurring in the result):
It is unnecessary to decide whether prosecution exhibits (PE) 23, 24, 25, and 26 are constitutionally protected to resolve this case. Even though the charge arose from clauses 1 and 2 of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006), the Government charged Appellant with possessing “child pornography,” words that impart a certain legal definition in light of the Child Pornography Prevention Act (CPPA). 18 U.S.C. § 2256(8)(A) (2006). More importantly, the Government did not object to instructions that defined “child pornography” in a manner consistent with the CPPA; nor did the Government request a broader instruction.
The Government could have drafted the specification in a manner that did not implicate the CPPA — such as avoiding the words “child pornography” — and could have requested instructions that did not track the CPPA. See United States v. Brisbane, 63 M.J. 106, 116-17 (C.A.A.F.2006) (recognizing that some conduct and speech is service discrediting or prejudicial to good order and discipline, even though it may be constitutionally protected or not criminalized in the civilian context). Instead, the Government chose to proceed under the theory that this was child pornography under the CPPA,[1] and the United States Army Court of Criminal Appeals (CCA) thus did not abuse its discretion in using the CPPA as the legal benchmark when reviewing the evidence.
The relevant definition in the CPPA requires the “lascivious exhibition of the genitals or pubic area of any person.” 18 U.S.C. § 2256(2)(A)(v) (2006). The CCA found that four of the six images in evidence were legally and factually insufficient, because they did not include any exhibition of the genitals or pubic region. United States v. Barberi, No. ARMY 20080636, 2011 CCA LEXIS 24, at *3, 2011 WL 748378, at *1 (A.Ct.Crim.App. Feb. 22, 2011) (per curiam) (unpublished). As discussed below, the circumstances of this case require the general verdict to be set aside.
This case is similar to United States v. Barona, in which two individuals were each charged with being the principal leader of a criminal enterprise, a conviction that required, inter alia, a finding that the defendants supervised five or more people. 56 F.3d 1087, 1096 (9th Cir.1995). The government provided the jury a list of twelve possible supervisees for one defendant and a list of eight possible supervisees for the other defendant. Id. The government conceded that each list included at least one person that could not qualify as a supervisee under the applicable law. Id. Nevertheless, the government argued that the convictions could be upheld because the evidence supported a finding that at least five people on each list could have been a supervisee and the jury was properly instructed. Id. at 1097.
On appeal, the Ninth Circuit succinctly stated that “[t]he problem is that, among the list of people who the jury was told that it could choose, there existed individuals that the jury was not allowed to choose as a matter of law.” Id. at 1097. Relying on Yates v. United States, 354 U.S. 298, 311-12, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957), overruled on different grounds by Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 *134 L.Ed.2d 1 (1978), the Ninth Circuit held that “[w]here the jury is presented with a legally inadequate theory, as opposed to a factually inadequate theory, Yates requires that the conviction be vacated.” Id. at 1098.
In this case, the members were given six photos, four of which could not legally constitute child pornography under the CPPA, the legal theory on which the Government rested its case and upon which the members were instructed. In other words, the members were provided a theory of conviction that was legally inadequate in light of the manner in which the Government prosecuted the case. The proper remedy for this situation is to set aside the conviction as it relates to Charge II. See id. (citing Yates, 354 U.S. at 312, 77 S.Ct. 1064).
Therefore, I concur in the result of reversing the judgment of the United States Army Court of Criminal Appeals as to Charge II. I would return the record of trial to the Judge Advocate General of the Army for remand to the CCA for sentence reassessment.

. In regard to child pornography, the prosecutor initially argued that Appellant possessed child pornography by saving nude and partially nude pictures of his stepdaughter without clarifying what nude and partially nude meant. During rebuttal, the prosecutor attempted to clarify the difference between the genitals and the pubic region before ultimately noting that at least one photo exhibited the stepdaughter’s pubic region.